NOT INTENDED FOR CITATION OR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| TIMOTHY PADGETT, | ) |
| Petitioner, | ) Civil Action No. 7: 05-353-DCR |
| V. | ) |
| SUZANNE HASTINGS, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Timothy Padgett (Padgett), a *pro se* Petitioner, is incarcerated at the United States Penitentiary-Big Sandy in Inez, Kentucky. He has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and paid the $5.00 filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is: (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

Padgett asserts that in the Superior Court of the District of Columbia on February 14, 1997, he pleaded guilty to and was convicted of second-degree murder while armed, and was sentenced to twenty years to life in prison. Although he did not file a direct appeal, Padgett filed a motion for post-conviction relief pursuant to D.C. Code §23-110 on the ground that his trial counsel was constitutionally ineffective under *Strickland* for misinforming him of the range of his possible sentence in exchange for his guilty plea. In his present petition, Padgett asserts that his counsel told him that, pursuant to the plea agreement, he would be sentenced to ten to thirty years. Padgett includes a copy of correspondence from his counsel dated April 30, 1997, where counsel states that "Judge Cushenberry will certainly not sentence you to more than 10 to 30 years." However, Padgett indicates that at the sentencing hearing, the trial judge sentenced him to twenty years to life and that his counsel did not object. The trial court denied Padgett's post-conviction motion on July 17, 2003.

## DISCUSSION

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As Padgett challenges his conviction and sentence, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255. Although he does not expressly invoke the "savings clause" of Section 2255, 28 U.S.C. §2255, ¶5, the Court construes Padgett's petition to include an assertion that his remedy under § 2255

"is inadequate or ineffective to test the legality of his detention" in order to invoke this Court's jurisdiction under § 2241. Because Padgett acknowledges that his claims in this proceeding have not been presented before, the Court must determine whether his remedy under § 2255 is "inadequate or ineffective" before he is entitled to their consideration on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that § 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his § 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.; see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id.* at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.")

In this case, Padgett asserts that his trial counsel was constitutionally ineffective under *Strickland*. This is not a claim of "actual innocence" because Padgett's assertions, even if true, do not assert that the trial court convicted him of conduct "that the law does not make criminal"

3

in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles*, at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence.") Because the claims in Padgett's habeas corpus petition challenge matters that could and should have been raised on direct appeal, they do not present a facially-valid claim that he is actually innocent of the offense charged. Accordingly, the savings clause of § 2255 does not permit him to pursue this claim in a habeas corpus proceeding under § 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Petitioner Padgett's petition for a writ of habeas corpus is **DENIED**.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 14th day of February, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge