UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

TIMOTHY PADGETT,                     )
                                     )
            Petitioner,              )          Civil Action No. 7: 05-353-DCR
                                     )
V.                                   )
                                     )
SUZANNE HASTINGS, Warden,            )          **MEMORANDUM OPINION**
                                     )               **AND ORDER**
            Respondent.              )

**       **       **       **       **

This matter is before the Court on petitioner Timothy Padgett ("Padgett")'s Motion for

Certificate of Appealability ("COA Motion") and Notice of Appeal.  [Record Nos. 6, 7]  Padgett

originally filed a *pro se* petition for writ of habeas corpus, styled as a "Petition Under 28 U.S.C.

§2254 for Writ of Habeas Corpus by a Person in State Custody."  [Record No. 1]  The Court

subsequently entered a Deficiency Order, directing Padgett to pay the filing fee or apply to

proceed *in forma pauperis.* [Record No. 2]  In its Deficiency Order, the Court stated that

"Timothy Padgett has submitted a *pro se* petition for writ of habeas corpus *pursuant to 28 U.S.C.

§2241.*"  (Emphasis added)  Whether through inadvertence or otherwise, Padgett did not object

at that time to the characterization of his habeas petition as one arising under Section 2241.

After Padgett paid the filing fee, the Court entered its Memorandum Opinion and Order

dismissing Padgett's petition following initial screening. [Record No. 4]

In his present COA Motion, Padgett complains that the Court erred in construing his

habeas corpus petition, styled as one arising under 28 U.S.C. §2254, as one arising under 28

-1-

U.S.C. §2241.  Padgett asserts that, as a person convicted under District of Columbia law, he should be considered "a person in custody pursuant to the judgment of a State court" and hence may therefore properly utilize a Section 2254 petition to challenge his conviction or sentence, citing *Streater v. United States*, D.C., 478 A.2d 1055, 1059 n.3 (1984) and *Palmore v. United States*, 411 U.S. 370 (1970).

### DISCUSSION

For all Section 2254 petitions filed after April 24, 1996, there is no appeal of right.  In order to appeal a district court's decision denying habeas relief in a Section 2254 proceeding, a certificate of appealability ("COA") must issue on each claim which the petitioner wishes to appeal.  28 U.S.C. §2253(c)(1)(a); Federal Rule of Appellate Procedure 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court clarified the "substantial showing" requirement and held that, for any claim decided on the merits, that threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *Id*. at 484-85.  However, when the district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claims, the "substantial showing" threshold is met "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id*.  Later, in *Miller-El v. Cockrell*, 537 U.S.

-2-

322 (2003), the Supreme Court explained that when the district court rejects constitutional claims on the merits, a "substantial showing" threshold is met where petitioner demonstrates that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 327.

In applying these standards, a district court must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.* at 336-37. The Sixth Circuit has held that *Slack* requires an individualized, reasoned assessment of each claim, as blanket grants or denials of motions for a COA are unhelpful and contrary to the letter and spirit of Congress' mandate. *Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484 (6th Cir. 2001).

In this case, the Court may limit its examination to determining whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Padgett's core assertion (*i.e.*, that as a D.C. prisoner he is entitled to utilize Section 2254 to challenge his conviction, is simply incorrect) and that fact formed the basis for this Court's determination to construe his petition as arising under Section 2241. In addition, the cases cited by Padgett do not support his position.

The concurring opinion cited in *Streater* does not directly support his position, and it is not clear from the facts of that case and its companion cases whether the habeas proceeding at issue therein was instituted pursuant to Section 2254 or Section 2241. Nor does the *Palmore* decision support Padgett's position. In *Palmore*, the Supreme Court explained the unusual status of the District of Columbia as bearing qualities both state and federal in character. *See, e.g.,*

-3-

*Palmore*, 411 U.S. at 395 ("A reference to 'state statutes' would ordinarily not include provisions of the District of Columbia Code, which was enacted, not by a state legislature, but by Congress, and which applies only within the boundaries of the District of Columbia. The District of Columbia is constitutionally distinct from the States.") This is exemplified by two of the Supreme Court's holdings in the case. As a matter of determining its own appellate jurisdiction, the Supreme Court held that the District of Columbia Court of Appeals constituted the "highest court of a state" under 28 U.S.C. §1257. The Supreme Court also determined, however, that the provisions of the D.C. Code do not constitute "statute[s] of any state." *Id*. at 394, 395.

The Supreme Court provided more helpful precedent through its explanation of the unique habeas mechanisms available exclusively to D.C. prisoners, D.C. Code §23-110 and §16-1901, in *Swain v. Pressley*, 430 U.S. 372 (1977). In *Swain*, the Supreme Court explained that Section 23-110 provides D.C. prisoners with a post-conviction relief mechanism directly analogous to Section 2255 for federal prisoners and Section 2254 for state prisoners. Section 23-110 even includes its own "savings clause" using substantially identical language to that found in the fifth unnumbered paragraph of Section 2255.[1]

Finally, Section 16-1901 provides a more general habeas mechanism akin to Section 2241 to challenge the execution of the sentence. The availability of habeas relief to D.C. prisoners

---

[1]  D.C. Code §23-110(g) provides: "An application for a writ of habeas corpus [under D.C. Code §16-1901] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

-4-

through a provision designed expressly and exclusively for them, D.C. Code §23-110, logically negatives the availability of duplicative relief through Section 2254.

More fundamentally, courts have held that Section 2254 is not available to D.C. prisoners because they are simply not "person[s] in custody pursuant to the judgment of a State court." In *Perkins v. Henderson*, 881 F.Supp. 55 (D.D.C. 1995), the District Court for the District of Columbia – a court with substantial institutional experience addressing habeas corpus cases involving D.C. prisoners – noted that "[t]he unique status of the District of Columbia precludes nearly all federal post-conviction review of District of Columbia Superior Court criminal convictions." *Id.* at 57.  Specifically, "[s]ince prisoners sentenced in the Superior Court and incarcerated in District of Columbia facilities are not considered "state" offenders or prisoners in state custody, they may not seek federal habeas corpus relief under 28 U.S.C. § 2254." *Id.*

All of the foregoing indicates that, as a prisoner in federal custody pursuant to a conviction by the D.C. Superior Court, Padgett's primary mechanism for redress would have been through Section 23-110.  However, this Court is not the proper venue for such relief: "prisoners convicted in the District of Columbia Superior Court and incarcerated in District of Columbia facilities must file their petitions in Superior Court, while prisoners convicted in Superior Court but incarcerated in federal facilities must file their petitions in the United States District Court for the District of Columbia.  D.C. Code §16-1901(b), (c)." *Perkins*, 881 F.Supp. at 61.

Thus, Padgett's petition, styled as a Section 2254 petition, was subject to summary dismissal for failure to state a claim and, even had he invoked Section 23-110, such a petition

would have lacked proper venue.  Accordingly, the Court construed Padgett's petition as arising under Section 2241, *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[w]e find that section 16-1901 does not bar the federal courts from entertaining habeas corpus petitions filed by D.C. prisoners under 28 U.S.C. § 2241"), and analyzed his claims to determine whether Padgett stated a facially viable claim that his remedy under Section 23-110 was inadequate or ineffective under *Charles*.  *See Garris v. Lindsey*, 794 F.2d 722, 726, 726 nn.23, 24 (D.C. Cir. 1986) ("a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'")  The foregoing indicates that there is no basis for "jurists of reason [to] find it debatable whether the district court was correct in its procedural ruling."  Accordingly, it is hereby

**ORDERED** that Padgett's motion for a certificate of appealability is **DENIED**.

This 6th day of March, 2006.

Signed By:

*Danny C. Reeves*  DCR

United States District Judge